Note.—See under (1) 35 Cyc. pp. 241, 413, 430; anno. 25 L. R. A. (N. S.) 160; 35 L. R. A. (N. S.) 270 et seq.; 24 R. C. L. p. 156.

---

## FRANKLIN et al. v. WILLIAMS.

No. 16220—Opinion Filed March 2, 1926.

**Appeal and Error—Affirmance—Failure of Proof of Defense by Losing Party.**

Where W. files his action to reform a description in a deed executed by F., and F.'s answer and cross-petition allege fraud and

misrepresentation in procuring such deed, a judgment for plaintiff reforming such deed will not be disturbed by this court, where the testimony of defendant wholly fails to prove fraud, or prove any facts or circumstances upon which fraud might be predicated, or from which fraud might be inferred.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Action by Henderson Williams against Eddie Franklin and Liddy Franklin. Judgment for plaintiff, and defendants appeal. Affirmed.

Bowling & Farmer, for plaintiffs in error.

Blanton, Osborn & Curtis, for defendant in error.

Opinion by RUTH, C. The parties hereto will be designated as they appeared in the trial court.

On November 21, 1908, defendants being the owners of the N. E. ¼ of the N. W. ¼ of section 28, twp. 1, N., R. 2 west in Garvin county, conveyed the same to plaintiff by warranty deed, but by mistake of the scrivener, the land was described as N. E. ¼ of the N. W. ¼ of sec. 28, twp. 1 N., R., 2 north. This was not discovered until 1923, when plaintiff requested defendants to execute another deed properly describing the land as in "range 2 west", instead of "range 2 north," this description being impossible, as it is well known the government lines are described as east and west of the Indian Meridian. The defendants refused to execute a correction deed, and plaintiff brought his action to have the deed reformed.

Defendants filed their answer, and Liddy Franklin filed her cross-petition, in which she alleges the deed was obtained by fraud, and that the instrument signed was represented as a lease contract, and she never received any consideration therefor, and that she was induced to sign the deed upon the representation that her husband, Eddie Franklin, was indebted to plaintiff in a large sum of money, and she signed the deed to save her husband from a threatened criminal prosecution, and prays judgment against plaintiff in the sum of $800 rents and profits. The cause was tried to the court, and judgment rendered for plaintiff, and defendants appeal.

It appears from the record that immediately upon securing the deed, plaintiff went into possession of the land and has cultivated the same, and has been in open, notorious and adverse possession of the same for a period of 15 years. Defendants never attempted to exercise any control over the lands, never made any claim to the lands, and never paid taxes during this period. The mistake in the description in the deed was discovered when plaintiff attempted to execute an oil and gas lease on the 40 acres, and defendants refused to execute a correction deed unless plaintiff would assign them one-half of the royalties. Defendant Eddie Franklin testified he owed money to plaintiff in 1908, but did not know the amount thereof, but it was "$400 and some odd dollars"; that it was bearing ten per cent. interest, and plaintiff paid him some money when the defendants executed the deed, but witness does not remember what plaintiff paid the defendant.

The only assignment presented by defendants is: "That the judgment of the trial court is against the weight of the evidence." We have carefully examined all the evidence in this case, and there is no evidence of fraud or misrepresentation, and it would serve no good purpose to set out the evidence in this opinion. Defendant wholly fails to sustain the allegations of her cross-petition, and the evidence, as a whole, fully sustains the judgment of the court. This appears to be one of those cases so frequently appealed to this court of late, where, after executing a deed and permitting the grantee to go into possession, the grantors, believing oil or gas may be discovered on the land, claim fraud and misrepresentation after 15 or 20 years have elapsed, and while this court is ever ready to reform instruments executed through mutual mistake, or where fraud or misrepresentation was the inducing cause of the execution of the instrument, the parties claiming fraud and misrepresentation must produce such proof thereof as will appeal to the conscience of this court, and where there is a total lack of proof to establish the fraud alleged, this court will afford no relief to the party so alleging fraud.

While defendant alleges fraud and misrepresentation in obtaining the deed, the only offer of proof was that she thought she was signing the instrument as security for a debt of $480 they owed the plaintiff, and when they paid this the land was to be returned to them, and although 15 years had passed between the signing of the deed and the filing of this action, defendants never paid one dollar principal, interest, or taxes. Defendant testifies this debt was incurred by obtaining three colts, some hogs, seed, cash in the sum of $125 at one time, $20 at another, and some money, when the deed was signed at the bank. The evidence dis-

closes this 40 acres was worth about $15 per acre at the time of the trial, and it would appear the defendants obtained full value of the land in 1908.

The evidence wholly failing to establish fraud, the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 898 §2869.